Date signed September 12, 2005



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Darren A. Dickerson, | * | Case No. | 05-25671PM |
| | * | Chapter | 13 |
| | * | | |
| Debtor. | * | | |
| ************************************* | * | | |
| William M. Savage, Substitute Trustee, | * | | |
| | * | | |
| Movant/Cross-Respondent, | * | | |
| vs. | * | | |
| Darren A. Dickerson, | * | | |
| | * | | |
| Respondent/Cross-Movant, | * | | |

### <u>MEMORANDUM OF DECISION</u>

This matter came before the court for hearing on August 24, 2005, on two motions and the responses thereto. Darren A. Dickerson (the "Debtor") filed a "Motion for Contempt for Violations of the Automatic Stay" and William M. Savage (the "Substitute Trustee") filed a "Motion for Order Stating that Automatic Stay Does Not Apply to Stay Foreclosure of Real Property Known as 4014 22nd Avenue, Temple Hills, MD 20748." Although these motions raise issues more appropriately addressed in an adversary proceeding, the court has thoroughly reviewed the record, without the benefit of the supplemental memoranda that the parties failed to file, and finds that the real property at issue is property of the bankruptcy estate and, therefore, protected by the automatic stay of 11 U.S.C. § 362(a).

Factual Background

The Debtor acquired real property located at 4014 22nd Avenue, Temple Hills, Maryland (the "Property"), at a sheriff's sale on September 6, 2002. The sale was ratified on January 13, 2003. The deed in favor of the Debtor was recorded on March 7, 2003. The Property was encumbered by a deed of trust in favor of Washington Mutual Bank, N.A. dated March 31, 1998.

On August 10, 2004, the Property was sold at public auction by the Substitute Trustee to third-party purchasers. On August 16, 2004, the Debtor filed a chapter 13 case. Relief from the automatic stay was obtained in order to ratify the foreclosure sale. The bankruptcy case was later dismissed on the Debtor's motion. Over the Debtor's exceptions, the foreclosure sale was ratified by the state court by order dated March 4, 2005. The third-party purchasers failed to settle necessitating the filing of a motion for resale. The state court directed a resale of the Property by order dated May 12, 2005. On July 12, 2005, the Debtor filed this second chapter 13 case. Two days later, on July 14, 2005, the Property was resold by the Substitute Trustee at auction.

Discussion

The issue before the court is whether the Debtor retained an interest in the Property after the state court entered an order directing a resale. If he did, the Property is property of the bankruptcy estate and protected from sale by the automatic stay. If the Debtor retained no interest, the Substitute Trustee was free to resell the Property.

Section 541 of the Bankruptcy Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Whether the Debtor retained legal or equitable title to the Property is a question of state law and has been addressed by the Court of Appeals of Maryland in the case of Simard v. White, 859 A.2d 168 (Md. 2004).

The issue before the Simard court was whether a defaulting purchaser of auctioned property is entitled to excess proceeds arising from resale. The court broadened its scope and provided an exhaustive analysis of various Maryland decisions on the issue. In concluding that a defaulting purchaser does not have a common law right to excess proceeds from a resale, the Simard court, albeit in dicta, plainly stated that until the terms of a sale have been met or waived,

-2-

a purchaser is not entitled to legal title to property; accordingly, title remains in the mortgagor. Simard v. White, 859 A.2d at 208.

According to the Simard court, in discussing Maryland common law, upon ratification of a foreclosure sale, equitable title passes to the purchaser. Id. at 201 (citing Merryman v. Bremmer, 241 A.2d 558 (Md. 1968)); 205 (citing Union Trust Co. v. Biggs, 137 A. 509, 512 (Md. 1927)). Although the sale cuts off the mortgagor's equitable right of redemption, legal title remains with the mortgagor until the purchaser has met the terms of the sale and paid the purchase price. Id. at 195 (citing Mizen v. Thomas, 144 A. 479, 483-84 (Md. 1929)); 200; 205 (citing Union Trust Co. v. Biggs, 137 A. at 512); 208-9. If the purchaser defaults and a resale becomes necessary, the order of resale divests the purchaser of equitable title and revokes ratification of the first sale. Id. at 202 (citing McCann v. McGinnis, 263 A.2d 536 (1970) and Dalrymple v. Taneyhill, 4 Md. Ch. 171 (1853)); 205; 208 (citing Merryman v. Bremmer, 241 A.2d at 564). A defaulting purchaser remains liable for shortages of a resale (Id. at 203) in the case of a deficiency but, in the case of a surplus after full payment to creditors, remaining funds go to the mortgagor. Id. at 204.

In applying Simard to the subject facts, the court finds that the Substitute Trustee violated the automatic stay by proceeding with the resale without court approval. The Debtor obtained legal title to the Property, subject to Washington Mutual Bank, N.A.'s lien, when he purchased same at the 2002 sheriff's sale.[1] In 2004, when the Property was sold to third-party purchasers,

---

[1] The Substitute Trustee argued that there exists no privity of contract between the mortgagee and the Debtor. According to Maryland common law, "[t]he purchaser under a valid execution sale takes just what right, title, or interest the execution defendant has, no more and no less." 13 M.L.E. Judgments § 206 (2005); Hammer v. Westphal, 87 A. 488, 489 (Md. App. 1913).

The Court of Appeals has held that a purchaser at a foreclosure sale does not have personal liability for repayment of a prior mortgage to which the sale is subject to. ALEXANDER GORDON, IV, GORDON ON MARYLAND FORECLOSURES § 25.7 (4th ed. 2004). The Court of Appeals stated:

> [T]he mere purchase of property subject to an existing mortgage does not create a personal obligation on the part of the purchaser to pay it, Chilton v. Brooks, 72 Md. 554, 20 A. 125; but, if the purchaser assumes the payment of the mortgage as a part of the purchase price of the property, then it does become his duty to pay it, and to protect the vendor against any demands that may be made against him for the debt which it secures, 39 Cyc. 1632; Lowrey v. Downey, 150 Ind. 364, 50 N. E. 79; 41 C. J. "Mortgages" §§

those purchasers obtained equitable title to the Property.  Legal title, however, remained with the Debtor and the lienholder properly sought relief from the automatic stay to pursue ratification of the sale as the Debtor's legal interest constituted property of the bankruptcy estate.  When the third-party purchasers failed to settle and an order authorizing the resale was entered in May 2005, ratification of the first sale was revoked.  At this point, equitable title re-vested in the Debtor.[2]  The Debtor was never divested of legal title.  Accordingly, upon the Debtor's filing of the second bankruptcy petition, the Property was estate property as the Debtor held both legal and equitable title.  The Substitute Trustee violated the automatic stay be conducting the auction on July 14, 2005.

In defense of his actions, the Substitute Trustee argues that emergency legislation enacted by the State of Maryland in May 2005, makes clear that the Debtor was divested of his interests in the Property upon ratification of the first sale. 2005 Md. Laws Ch. 509 (S.B. 761). Section 7-105 of the Real Property Article of this legislation provides:

> (h)    The entry of an order for resale on default by a purchaser at a sale under this section and Title 14 of the Maryland Rules:
>
> (1)    Does not affect the prior ratification of the sale and does not restore to the mortgagor or former record owner any right or remedy that was extinguished by the prior sale and its ratification; and
>
> (2)    Extinguishes all interest of the defaulting purchaser in the real property being foreclosed and in the proceeds of the resale.

---

745, 757, 763.  Whether he did or did not assume it, is a matter of agreement, which may be express or implied, Id. § 766, which may be written or rest in parol, Id. § 769, and which may be separate from the deed, and such an agreement may be shown so long as it does not tend to vary or contradict the material terms of the deed. In the absence of any express agreement to the contrary, by the decided weight of authority such an assumption will be implied where the amount of the mortgage has been deducted from the purchase money, 41 C. J. "Mortgages" § 770, under such circumstances as will fairly and reasonably indicate that the vendee intended to assume the payment of the mortgage, and parol evidence is admissible to show the existence vel non of such an intention. 19 R. C. L. 381.

Rosenthal v. Heft et ux., 142 A. 598, 602 (Md. 1928).  No evidence with respect assumption of the debt has been presented to this court.

[2]  It is clear under Maryland law that a purchaser at an execution sale may exercise the right of redemption.  Kent Bldg. & Loan Co. v. Middleton, 75 A. 967 (Md. 1910).

This legislation was effective on May 26, 2005, several days after the resale order was entered by the state court in this matter.  Accordingly, it is inapplicable to the subject case.

Conclusion

The court emphasizes that this case does not turn on the Debtor's equitable interest and the effect of ratification of the first sale or the entry of the order directing resale.  As expressed by the Simard court, the Debtor never lost legal title to the Property because the first sale was never consummated.  The Property was and remains estate property and, therefore, as of the petition date, was protected by the automatic stay.  The resale conducted by the Substitute Trustee in violation of the automatic stay is void.[3]

An appropriate order will be entered.


cc:    Darren A. Dickerson                     Kristine D. Brown
       17253 Wood Hollow Terrace               Shapiro & Burson, LLP
       Ft. Washington, MD 20744                13135 Lee Jackson Highway, #201
                                               Fairfax, VA 22033
       Walter Thompson Evans
       966 Hungerford Drive, Suite 12A
       Rockville, MD 20850

**End of Memorandum Decision**

---

[3]  As pointed out by this court in In re Bennett, 317 B.R. 313, 316 (BC D. Md. 2004), the Fourth Circuit declined to address this issue of whether an action taken in violation of the stay is void or merely voidable.  See Winters By and Through McMahon v. George Mason Bank, 94 F.3d 130, 136 (CA 4 1996).  This court follows the general rule in In re Lampkin, 116 B.R. 450, 451-52 (BC D. Md. 1990), finding that actions taken in violation of the automatic stay of 11 U.S.C. § 362(a) are void.